UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------X

VINCENT FERRERIO,                          :

               Petitioner,        :        09 Civ. 5187 (WHP)

    -against-                              :        MEMORANDUM & ORDER

UNITED STATES OF AMERICA,           :

              Respondent.       :

--------------------------------------------------X

WILLIAM H. PAULEY III, District Judge:

        Petitioner Vincent Ferrerio ("Ferrerio") moves to vacate, set aside, or correct his

sentence pursuant to 28 U.S.C. § 2255.  For the following reasons, Ferrerio's motion for habeas

relief is denied.

## BACKGROUND

I. Trial and Sentencing

        On July 14, 2005, a jury convicted Ferrerio of extortion and conspiracy to commit

extortion in violation of the Hobbs Act, 18 U.S.C. § 1951.  At sentencing, this Court calculated

Ferrerio's base offense level to be 18 under the Sentencing Guidelines, and found that upward

enhancements were warranted based on express threats by Ferrerio and the value of the property

extorted.  (Transcript of Vincent Ferrerio's Sentencing Hearing ("Tr.") dated May 17, 2007, at

10-12.)  Based on a preponderance of the evidence, this Court imposed a four-level enhancement

1

for abduction and a three-level enhancement for a demonstrated ability to carry out threats because "the victim was taken into Mr. Ferrerio's apartment against her will, [and] . . . subjected to the threat of physical harm in Mr. Ferrerio's presence." (Tr. at 13-14). This Court declined to give the Petitioner a minor role reduction because "Ferrerio held the victim captive in his apartment . . . against her will" while his co-conspirators searched for her boyfriend. (Tr. at 16). Finally, this Court rejected Ferrerio's request for a non-Guidelines sentence based on his mental and physical state because "there [was] nothing exceptional about those conditions that [took] this case out of the heartland and warrant[ed] a downward departure." (Tr. at 16).

Ferrerio's total offense level of 28 combined with his criminal history category of II yielded a Guidelines range of 87 to 108 months. This Court sentenced Ferrerio to an 87 month term of imprisonment, three years supervised release, and a mandatory special assessment of $200.

Ferrerio appealed the judgment of conviction. The Court of Appeals affirmed Ferrerio's conviction and his 87-month sentence. United States v. Romero, 304 F. App'x 14, 16-18 (2d Cir. 2008), cert. denied 129 S. Ct. 1643 (2009).

DISCUSSION

Ferrerio argues that (1) his sentence was unreasonable under the Fifth and Sixth Amendments of the Constitution; and (2) his trial counsel was ineffective because he failed to argue the insufficiency of the evidence for the crime of extortion.

I. <u>Sentence</u>

A petitioner is procedurally barred from raising issues that were litigated on direct appeal in a § 2255 petition. <u>See</u> <u>United States v. Pitcher</u>, 559 F.3d 120, 123 (2d Cir. 2009); <u>see also</u> <u>United States v. Sanin</u>, 252 F.3d 79, 83 (2d Cir. 2001). However, a claim is not barred where it rests on a different legal ground for relief than was raised on direct appeal. <u>See</u> <u>Williams v. United States</u>, 731 F.2d 138, 141-42 (2d Cir. 1984). On appeal, Ferrerio squarely raised the argument that this Court imposed a procedurally and substantively improper sentence. The Court of Appeals expressly considered and rejected that argument. <u>Romero</u>, 304 F. App'x at 18. Thus, Ferrerio is barred from raising that argument in this proceeding.

Moreover, Ferrerio's argument that his sentence was unreasonable is without merit. This Court's reliance on the preponderance of the evidence standard to determine the facts relevant to sentencing satisfies the Fifth and Sixth Amendment. <u>See</u> <u>Fares v. United States</u>, No. 07 Civ. 834 (WHP), 2009 WL 874034, at *1 (S.D.N.Y. Mar. 23, 2009); <u>United States v. Salazar</u>, 489 F.3d 555, 558 (2d Cir. 2007); <u>United States v. Vaughn</u>, 430 F.3d 518, 525-526 (2d Cir. 2005). Accordingly, Ferrerio's claim that this Court erred in relying on the preponderance of the evidence standard to make findings of fact at sentencing is without merit.

II. <u>Ineffective Assistance of Counsel</u>

To prevail on an ineffective assistance of counsel claim, a petitioner must show that (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for the deficiency in representation, the result of the proceeding would have been different — i.e., that he was prejudiced by his counsel's deficient

performance. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). "[T]he prejudice component of the Strickland test . . . focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Flores v. Demskie, 215 F.3d 293, 304 (2d Cir. 2000) (quoting Strickland, 466 U.S. at 694).

Ferrerio was convicted of one count of extortion and one count of conspiracy to commit extortion. He claims ineffective assistance of counsel because his attorney failed to argue that there was insufficient evidence for a jury to find him guilty of extortion. That claim fails because Ferrerio cannot show prejudice. Under the Sentencing Guidelines, the charges of extortion and conspiracy to commit extortion were grouped together, resulting in a single base offense level of 18. See USSG § 3D1.2(b). Had the jury convicted Ferrerio only on the conspiracy charge, his base offense level would have been the same. Thus, even if his counsel had argued successfully that the evidence was insufficient to convict Ferrerio of extortion, there would have been no impact on this Court's calculation under the Sentencing Guidelines. Thus, Ferrerio cannot demonstrate that the outcome of the proceeding would have been different. See Flores, 215 F.3d at 304. Accordingly, his claim of ineffective assistance of counsel is without merit.

<u>CONCLUSION</u>

For the foregoing reasons, Petitioner Vincent Ferrerio's petition for a writ of habeas corpus is denied. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. <u>See</u> 28 U.S.C. § 2253(c). In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

The Clerk of the Court is directed to terminate all pending motions and mark this case as closed.

Dated: December 30, 2009
      New York, New York

SO ORDERED:


WILLIAM H. PAULEY III
U.S.D.J.

*Copies mailed to:*
Vincent Ferrerio
57433-054
FCI Milan
Federal Correctional Institute
P.O. Box 1000
Milan, MI 48160
*Petitioner Pro Se*

John J. O'Donnell, Esq.
Assistant United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007
*Counsel for the United States*